IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| MARIO GONZALES AND MARIA CHRISTINA MORALEZ GONZALES<br>*Plaintiffs,*<br><br>V.<br><br>RICARDO CONTRERAS BRISENO AND VEGA LOGISTICS SOLUTIONS, INC.<br>*Defendants.* | §<br>§<br>§<br>§ Civil Action No. 6:23-cv-00220-ADA-JCM<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFFS' FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME MARIO GONZALES and MARIA CHRISTINA MORALEZ GONZALES, hereinafter called Plaintiffs, complaining of and about RICARDO CONTRERAS BRISENO and VEGA LOGISTIC SOLUTIONS, LLC, hereinafter called Defendants, and for cause of action show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiffs intend that discovery be conducted under Discovery Level 3.

### PARTIES AND SERVICE

2. Plaintiff, MARIO GONZALES, is an Individual whose address is 4319 Freedom Lane, Laredo, Texas 78046.

3. The last three numbers of MARIO GONZALES's driver's license number are 600. The last three numbers of 's social security number are 380.

4. Plaintiff, MARIA CHRISTINA MORALEZ GONZALES, is an Individual whose address is 4319 Freedom Lane, Laredo, Texas 78046.

5. The last three numbers of MARIA CHRISTINA MORALEZ GONZALES's driver's

license number are 151. The last three numbers of MARIA CHRISTINA MORALEZ GONAZALES's social security number are 829.

6. Defendant RICARDO CONTRERAS BRISENO, may be served with process at his home at the following address: 111 West Olive, #2, San Ysidro, California 92173. At all times relevant to Plaintiffs' claims herein, this Defendant engaged in business in the State of Texas by using the roadways and highways of this state. Plaintiffs' claims arise in connection with a collision that involved a motor vehicle driven by this Defendant.

7. Defendant VEGA LOGISTIC SOLUTIONS, LLC, a Nonresident Corporation, may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the registered agent of the corporation, Jesus Rigoberto Vega Mercado, at its registered office located at 1747 Sage Tree Ct., Chula Vista, VA 91913, or at its principal address located at 2127 Olympic Parkway, Suite 1006-302, Chula Vista, CA 91915. Service of said Defendant as described above can be effected by personal delivery.

## JURISDICTION AND VENUE

8. The subject matter in controversy is within the jurisdictional limits of this court.

9. Plaintiffs seek:

   a. monetary relief over $1,000,000.

10. This court has jurisdiction over Defendant VEGA LOGISTIC SOLUTIONS, LLC, because said Defendant purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over VEGA LOGISTIC SOLUTIONS, LLC will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

11. Furthermore, Plaintiffs would show that Defendant VEGA LOGISTIC

SOLUTIONS, LLC engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant committed a tort in whole or in part in Texas.

12.     Venue in MCLENNAN County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

13.     On or about November 18, 2021, Defendant RICARDO CONTRERAS BRISENO was driving and/or hauling a tractor-trailer combination vehicle on south bound U.S. Interstate 35 at or near the reference marker 340 near Lacy-Lakeview in Mclennan County, Texas. At such time, Defendant RICARDO CONTRERAS BRISENO was acting within the course and scope of his employment for VEGA LOGISTIC SOLUTIONS, LLC, and was driving and/or hauling a tractor-trailer combination vehicle owned by VEGA LOGISTIC SOLUTIONS, LLC.

14.     Plaintiff MARIO GONZALES was driving and/or hauling a tractor-trailer combination vehicle directly in front of the Defendant RICARDO CONTRERAS BRISENO in the same lane of traffic when all traffic began to slow. At that time, the Defendant RICARDO CONTRERAS BRISENO failed to control his speed or slow and crashed into the rear of the Plaintiff vehicle. As a result of this incident, Plaintiff sustained severe bodily injuries and damages, for which the Plaintiff now sues.

15.     Plaintiff MARIA CHRISTINA MORALEZ GONZALES was the owner of the tractor-trailer combination that was struck by Defendant RICARDO CONTRERAS BRISENO. As a result of this incident, Plaintiff sustained property damages and as such sustained significant loss of use because of her inability to access her vehicle for income.

16.     Plaintiffs will show that at the time and place in question, Defendants were guilty of

acts of omission and commission which constitute negligence, negligence *per se*, and/or gross negligence, and that such acts and/or omissions, whether taken singularly or in combination with others, were a proximate cause or causes of the incident at issue and of the serious bodily injuries and damages suffered by the Plaintiffs, for such Plaintiffs now sue, and for which Defendants are jointly and severally liable.

## PLAINTIFFS' CLAIM OF
## NEGLIGENCE AGAINST RICARDO CONTRERAS BRISENO

17. Pleading further, but not by way of limitation, and adopting paragraphs 1-16 above, Defendant RICARDO CONTRERAS BRISENO was negligent in that he breached the duty to exercise ordinary care in the operation of a motor vehicle in the following ways:

   A. In that he failed to keep a proper lookout for Plaintiff's safety which would have been maintained by a person of ordinary prudence under the same or similar circumstances;

   B. In that he failed to turn his motor vehicle to the left or right in an effort to avoid the collision complained of;

   C. In that he failed to maintain a clear and reasonable distance between Plaintiffs' motor vehicle and his motor vehicle which would have allowed him to safely stop without colliding into Plaintiffs' motor vehicle;

   D. In that he failed to keep such distance away from Plaintiffs' motor vehicle as a person using ordinary prudent care would have done;

   E. In that he was operating his motor vehicle at a rate of speed which was greater than that of a person of ordinary prudence under the same or similar circumstances;

   F. In that he failed to apply his brakes to his motor vehicle; and

   G. In that he failed to be attentive, including, but not by way of limitation, being inattentive due to a distraction in his vehicle

18. Each of the above-described acts and/or omissions, taken singularly or in combination with others, constitute negligence which proximately caused the incident at issue and the injuries and damages which Plaintiff suffered, for which Plaintiff now sues, and for which Defendants are liable

jointly and severally.

## PLAINTIFFS' CLAIM OF
## NEGLIGENCE PER SE AGAINST RICARDO CONTRERAS BRISENO

19. Pleading further, but not by way of limitation, and adopting paragraphs 1-16 above as though fully set forth verbatim, Defendant RICARDO CONTRERAS BRISENO was negligent *per se* on the date in question by engaging in conduct in violation of the following statutes, to wit:

(1) Texas Transportation Code § 545.062, (a) by failing to maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway.

(b) An operator of a truck or of a motor vehicle drawing another vehicle who is on a roadway outside a business or residential district and who is following another truck or motor vehicle drawing another vehicle shall, if conditions permit, leave sufficient space between the vehicles so that a vehicle passing the operator can safely enter and occupy the space. This subsection does not prohibit a truck or a motor vehicle drawing another vehicle from passing another vehicle.

(2) Texas Transportation Code § 545.103, by turning his vehicle from a direct course, or moving right or left on a roadway when said movement could not be made safely;

(3) Texas Transportation Code § 545.351, (a) An operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing.

(b) An operator:(1) may not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing; and (2) shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with law and the duty of each person to use due care.

(4) Texas Transportation Code § 545.401, by driving reckless, that is, by driving his vehicle in willful or wanton disregard for the safety of persons or property.

(5) Texas Transportation Code § 545.060, by failing to drive as nearly as practical entirely within a single lane and by moving from his lane when said movement could not be made safely;

20. Each of such acts and omissions, singularly or in combination with others, constitute

negligence *per se* which proximately caused the incident at issue and the injuries and damages which Plaintiff suffered, for which Plaintiff now sues and for which Defendants are liable jointly and severally. The statutory violations identified above constitute negligence *per se*. The statutes cited above are intended to protect a class of persons of which Plaintiff is a member.

## AGENCY AND RESPONDEAT SUPERIOR

21. At all times material hereto, Defendant RICARDO CONTRERAS BRISENO was acting as an employee of Defendant VEGA LOGISTIC SOLUTIONS, LLC, and was within the course and scope of his employment and/or official duties for Defendant VEGA LOGISTIC SOLUTIONS, LLC, and in furtherance of the duties of his office or employment for Defendant VEGA LOGISTIC SOLUTIONS, LLC. Furthermore, at the time of the incident, Defendant RICARDO CONTRERAS BRISENO was a permissive user of the vehicle owned and/or leased by Defendant VEGA LOGISTIC SOLUTIONS, LLC. Defendant VEGA LOGISTIC SOLUTIONS, LLC, as the employer of Defendant RICARDO CONTRERAS BRISENO, is therefore responsible for the negligent acts and/or omissions of Defendant "RICARDO CONTRERAS BRISENO", under the doctrine of *respondeat superior*.

## NEGLIGENCE OF VEGA LOGISTIC SOLUTIONS, LLC

22. On the occasion in question, the VEGA LOGISTIC SOLUTIONS, LLC Defendants, by and through their agents, representatives, employees, and hired drivers, owed a duty to Plaintiffs (and all other motoring public) to operate their vehicles safely and in accordance with all applicable state and federal motor standards. Defendants breached this duty to Plaintiffs and others, and such breach constitutes negligence, which proximately caused the injuries and damages described herein. The violations, negligent acts and omissions include, but are not limited to, the following:

   A. Permitting an incompetent person to operate their vehicle;

   B. Failing to hire, retain, and/or utilize an employee who is properly trained;

    C. Failing to ensure and/or periodically confirm that their driver was properly trained;

    D. Failing to hire, retain, and/or utilize a driver who operates their vehicle in a safe and prudent manner under the circumstances;

    E. Failing to retain, hire, and/or utilize a driver that complied with the safety regulations;

    F. Failing to properly supervise the actions of their driver; and

    G. Failing to inspect and/or investigate the qualifications and/or operations of their driver. prior to permitting him on the public roadways.

23. Each of these acts and omissions, singularly or in combination with others, constituted common-law negligence which proximately caused the occurrence and the Plaintiff's damages made the basis of this lawsuit. In summary, VEGA LOGISTIC SOLUTIONS, LLC Defendants were negligent for failing to use ordinary care in connection with its hiring, supervision, training, and retention of its employee driver, RICARDO CONTRERAS BRISENO.

## GROSS NEGLIGENCE OF DEFENDANTS

24. The Defendants' conduct was of such a nature as to entitle Plaintiffs to exemplary damages for their "gross negligence", in that: (1) Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and other similarly situated; and, (2) Defendants had actual, subjective awareness of the risks involved, but nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others similarly situated.

## DAMAGES FOR PLAINTIFFS

25. As a direct and proximate result of the occurrence made the basis of this lawsuit, MARIO GONZALES was caused to suffer serious personal injuries had to incur the following damages:

    A. Reasonable medical care and expenses in the past. These expenses were

       incurred by MARIO GONZALES for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in the county they were performed;

B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C. Physical pain and suffering in the past;

D. Physical pain and suffering in the future;

E. Physical impairment in the past;

F. Physical impairment which, in all reasonable probability, will be suffered in the future;

G. Loss of earnings in the past;

H. Loss of earning capacity which will, in all probability, be incurred in the future;

I. Disfigurement in the past;

J. Disfigurement in the future;

K. Mental anguish in the past; and

L. Mental anguish in the future.

26. As a direct and proximate result of the occurrence made the basis of this lawsuit, MARIA CHRISTINA RAMIREZ GONZALES sustained property damages, loss of use and as such sustained significant loss of use because of her inability to access her vehicle for income.

**NOTICE OF INTENTION TO USE DOCUMENTS AND TANGIBLE ITEMS**

27. Plaintiffs are providing this Notice pursuant to Texas Rule of Civil Procedure 193.7 that he intends to use and utilize the documents and tangible items produced by Defendants in Defendants' deposition and Defendants' answers and responses to Interrogatories, Request for Production, Requests for Admissions, and Request for Disclosure against Defendants at trial, including, but not limited to, the medical records and affidavits, medical bills and affidavits, expert

witness reports, expert witness correspondence, employment records, the police report, recorded statements, if any, photographs, and cellular phone records. The authenticity of such items is self-proven per the Tex. R. Civ. P. 193.7.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs requests that the Defendants be cited to appear and answer, and that upon final trial, Plaintiff recover judgment against Defendants, jointly and severally, for his:

a. actual damages in a sum in excess of the minimum jurisdictional limits of the Court;

b. exemplary damages;

c. interest before and after judgment at the legal rate;

d. costs of suit;

e. attorney's fees, if Plaintiff is required to prove up facts denied by Defendants in response to requests for admission; and

e. other and further relief, both general and special, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**JOE A. GAMEZ LAW FIRM, P.C.**
1119 Fresno Road
San Antonio, Texas 78201
Telephone No. (210) 736-4040
Facsimile No. (210) 734-0100

_____
Joe A. Gamez
Texas Bar No. 07607200
Jose L. Rios, Jr.
Texas Bar No. 24098326
Email – jrios@jagamezlaw.com
ATTORNEYS FOR PLAINTIFF
MARIO GONZALES and MARIA CHRISTINA RAMIRES GONZALES

PLAINTIFFS HEREBY DEMANDS TRIAL BY JURY

PLAINTIFFS HEREBY DEMANDS TRIAL BY JURY